IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LIAM ALEXANDER,    Plaintiff, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | |
| DEKALB COUNTY JAIL, et al.,    Defendants. | : : | CIVIL ACTION NO. 1:22-CV-04018-SDG-CCB |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Liam Alexander, confined at the DeKalb County Jail in Decatur, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On October 12, 2022, the Court ordered Plaintiff to pay the $350.00 filing and $52.00 administrative fees required for civil actions or submit an application for leave to proceed in forma pauperis, and the Court also ordered Plaintiff to explain the discrepancy with his name, as there is no record of a "Liam Alexander" at the DeKalb County Jail. (Doc. 3.) The Clerk sent a copy of the order to Plaintiff at his address of record, but the mail was returned as undeliverable. (Doc. 4.) Specifically, the mail was returned with a notation of "Inmate could not be located." (*Id.* at 1.)

"The failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute

grounds . . . for dismissal of the action without prejudice . . . ." LR 41.2(B), NDGa. Plaintiff has not informed the Court of a change in his address or provided any other information regarding his whereabouts or means of contacting him. Without a valid address, the Court simply has no way to communicate with Plaintiff and no way to move forward with the case.[1] As a result, the management of this case is adversely affected, and dismissal without prejudice is appropriate.[2]

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** due to Plaintiff's failure to keep the Court informed of his current address.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 19th day of January, 2023.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned normally makes a second attempt to contact a party when mail is returned as undeliverable, either by attempting delivery to a forwarding address or resending the mail to the address on file. In this case, there is no forwarding address on the envelope and resending to the jail would be futile in light of the indication that Plaintiff cannot be located. Moreover, this Report and Recommendation will be sent to the jail—which is the only address the Court has—and if Plaintiff is still there, he will receive the R&R and have the opportunity to make that known to the Court.

[2] Dismissal without prejudice is also appropriate as a sanction for apparently providing a false name to the Court. (*See* Doc. 3 at 3 & n.1.)